THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| LILI DE HOYOS ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [4] DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD THROUGH SIXTH CAUSES OF ACTION**<br><br>Case No. 2:25-cv-00241-DBB-CMR<br><br>District Judge David Barlow<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") motion to dismiss.[1] For the following reasons, the court grants the motion.

### BACKGROUND[2]

On January 11, 2019, Plaintiff was injured in a motor vehicle accident.[3] Plaintiff incurred $152,903.68 in medical expenses.[4] Plaintiff obtained a total of $350,000 from third-party insurance companies.[5] Plaintiff also had $250,000 of Underinsured Motorist Vehicle ("UIM") or excess liability coverage through Defendant State Farm.[6] Accordingly, on March 24, 2024, Plaintiff presented a demand to State Farm for the full policy limits and provided supporting documentation.[7] This documentation included three expert reports, one of whom opined that the net present value of Plaintiff's future medical/life care expenses totaled $1,142,200.[8]

---

[1] Def.'s Mot. to Dismiss ("Mot."), ECF No. 4, filed March 27, 2025.
[2] At the motion to dismiss stage, the court accepts the complaint's factual allegations as true and views those facts in the light most favorable to the nonmoving party. *Moya v. Schollenbarger*, 465 F.3d 444, 455 (10th Cir. 2006).
[3] Compl. ¶¶ 12, 15, ECF No. 2-1.
[4] *Id.* ¶ 19.
[5] *Id.* ¶ 12, 14, 17.
[6] *Id.* ¶ 10.
[7] *Id.* ¶ 19.
[8] *Id.* ¶ 20.

On August 30, 2024, State Farm responded to Plaintiff's demand, stating that its evaluation of Plaintiff's injury did not exceed the $350,000 she had already received from third-party insurance companies.[9] State Farm offered $5,000 to settle the claim, which remains open but has not been accepted by Plaintiff.[10] In this response, State Farm did not explain how it evaluated Plaintiff's claim.[11]

Plaintiff originally filed this case in the Third Judicial District Court of Salt Lake County, Utah.[12] On March 27, 2025, State Farm removed the case to this court based on diversity jurisdiction.[13] Simultaneously, State Farm filed the instant partial motion to dismiss.[14] On April 24, 2025, Plaintiff filed an Opposition.[15] On May 6, 2025, State Farm filed its Reply.[16]

## STANDARD

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[17] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18] The court does not accept legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."[19]

---

[9] *Id.* ¶ 21.
[10] *Id.* ¶¶ 21–22.
[11] *Id.* ¶ 23.
[12] Petition for Removal, ECF No. 2, filed March 27, 2025.
[13] *Id.* ¶ 6.
[14] ECF No. 4.
[15] Pl.'s Opp'n ("Opp'n"), ECF No. 14.
[16] Def.'s Reply in Support of Mot. to Dismiss ("Reply"), ECF No. 15.
[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[18] *Id.*
[19] *Id.* at 678.

## DISCUSSION

Defendants move to dismiss Claims Three through Six, which allege violations of Utah's Unfair Claims Practices Act and various negligence-based claims.

## I.    CLAIM THREE: UTAH'S UNFAIR CLAIMS PRACTICES ACT

Plaintiff alleges that State Farm violated several provisions of Utah's Unfair Claims Practices Act (the "Act"), Utah Code § 31A-26-303, et seq, based on its alleged mishandling of Plaintiff's insurance claim.[20] State Farm moves to dismiss this claim because there is no private cause of action.[21] The court agrees.

Section 303A-26-303(5) explicitly states, "This section does not create any private cause of action." In *Cannon v. Travelers Indem. Co.*,[22] the plaintiff alleged a cause of action for violations of the Act. In affirming the district court's dismissal of the claim, the Utah Court of Appeals held:

> Section 31A–26–303(5), which defines "unfair claim settlement practices," states plainly that "[t]his section does not create any private cause of action." Utah Code Ann. § 31A–26–303(5) (1999). Thus, simply by examining the plain language of the statute, we conclude the trial court correctly ruled that [defendant's] alleged breach of section 31A–26–303 created no private cause of action.[23]

Plaintiff does not attempt to distinguish *Cannon*. Instead, Plaintiff makes two arguments. First, Plaintiff argues that Plaintiff's Third Cause of Action is pled as a possible alternative if her breach of contract claim fails.[24] But this is no answer to the statute's plain disclaimer of a private cause of action—pleading in the alternative does create a cause of action that a plaintiff has no

---

[20] Compl. ¶¶ 41–45.
[21] Mot. 3–4.
[22] 994 P.2d 824 (Utah Ct. App. 2000).
[23] *Id.* at 828.
[24] Opp'n 10.

right to assert. Additionally, Plaintiff cannot plead an alternative claim where the dispute is governed by an enforceable contract. As this court recently explained:

> [T]he issue is not whether a plaintiff has a valid breach of contract claim, but whether an enforceable contract exists that provides the possibility of a legal remedy. In other words, when the enforceability and validity of a relevant contract is not in dispute, a plaintiff may not bring an [alternative] claim even if additional facts arise that would cause her breach of contract claim to fail. Since Defendants do not dispute the existence of a relevant, enforceable, and valid contract, the court dismisses Plaintiff's fifth cause of action.[25]

Second, Plaintiff notes that *Culp Const. Co. v. Buildmart Mall*[26] found that "[s]tatutory requirements that give rise to independent causes of action under various unfair practices acts may also give rise to independent tort actions."[27] The case did not discuss or reference § 303A-26-303. The court's statement did not create a private right of action contravening the plain language of the statute. Instead, Plaintiff may argue violations of the Act in support of a recognized cause of action like breach of the implied covenant of good faith and fair dealing. Plaintiff's Third Claim is dismissed.

## II. CLAIMS FOUR THROUGH SIX: NEGLIGENCE TORTS

Claims Four through Six allege various negligence causes of action based on State Farm's handling of Plaintiff's insurance claim. Claim Four alleges negligent concealment; Claim Five alleges negligent misrepresentation; and Claim Six alleges negligent hiring, training, supervision, and retention.[28] Defendants move to dismiss these tort claims, arguing they are not legally cognizable in the face of a valid, enforceable contract and a related claim for breach of the implied covenant of good faith and fair dealing.[29]

---

[25] *Rain International, LLC v. Cook*, 2023 WL 1954526, *4 (D. Utah 2023) (citation omitted).
[26] 795 P.2d 650, 655 (Utah 1990)).
[27] Opp'n 10.
[28] Compl. ¶¶ 46–62.
[29] Mot. 4–6.

Under Utah law, the duties and obligations arising from the evaluation and handling of first-party insurance claims are contractual.[30] The insurance contract creates express contractual duties. Implied in the contract is a covenant of good faith and fair dealing, which contemplates that the insurer "will diligently investigate the facts to enable it to determine whether a claim is valid, will fairly evaluate the claim, and will thereafter act promptly and reasonably in rejecting or settling the claim."[31] "Without more, a breach of those implied or express duties can give rise only to a cause of action in contract, not one in tort."[32] In line with this principle, the Utah Supreme Court "specifically rejected the tort-based approach in the first-party [insurance] context" because the relationship is not a fiduciary one.[33]

Plaintiff asserts several arguments in response. First, Plaintiff argues that she is allowed to plead alternatively or hypothetically.[34] The court has already rejected this argument because the parties do not dispute that an enforceable contract governs their relationship.

Second, Plaintiff argues that she can assert tort claims that are independent of the insurance contract.[35] This is true, in principle. Utah law "recognize[s] that in some cases the acts constituting a breach of contract may also result in breaches of duty that are independent of the contract and may give rise to causes of action in tort."[36] However, Plaintiff simply provides an array of string citations and quotes that mention this basic principle and primarily concern intentional torts. To the extent any of Plaintiff's cited cases mention negligence torts, Plaintiff

---

[30] *Beck v. Farmers Ins. Exch.*, 701 P.2d 795, 800 (Utah 1985).
[31] *Id.* at 801.
[32] *Id.* at 800.
[33] *Savage v. Educators Ins. Co.*, 908 P.2d 862, 865 (Utah 1995); *see also Healy-Petrik v. State Farm Fire & Cas. Co.*, No. 2:20-cv-611, 2020 WL 6273771, at *1 (D. Utah Oct. 26, 2020) ("Utah does not recognize tort causes of action in a first-party relationship between an insurer and its insured.").
[34] Opp'n 5–6.
[35] Opp'n 6–9.
[36] *Beck*, 701 P.2d 800 n.3.

does not attempt to explain how her negligence claims are independent of the first-party insurance contract.

For example, Plaintiff cites *Culp Const. Co. v. Buildmart Mall*,[37] which allowed a negligent misrepresentation claim to move forward against a title insurer as an alternative to the plaintiff's breach of contract claim because, unlike here, there was a question as to whether there was even a contractual duty.[38] Plaintiff also cites *Reighard v. Yates*,[39] which allowed a negligent misrepresentation claim alongside a breach of contract claim against the seller of a home but did not involve insurance or a claim for breach of implied duty of good faith. The court found that property damage was barred by the economic loss rule but damages for bodily injury fell under an exception to the rule.[40] In another case cited by Plaintiff, the court in *Allied World Nat. Assur. Co. v. Monavie, Inc.*[41] allowed a negligent misrepresentation claim to move forward based on allegations of misrepresentations before the policy was even purchased (*i.e.*, coverage by estoppel), not based on allegations regarding the handling of a claim.[42] None of Plaintiff's cases have recognized a negligence claim against an insurer for allegedly mishandling a first-party claim. Accordingly, the court finds that Plaintiff's Fourth, Fifth, and Sixth claims are not legally cognizable here and are therefore dismissed.

## ORDER

The court GRANTS State Farm's partial motion to dismiss.[43] Counts Three, Four, Five, and Six are DISMISSED.

---

[37] 795 P.2d 650 (Utah 1990).
[38] *Id.* at 655.
[39] 285 P.3d 1168 (Utah 2012).
[40] *See id.* at 1177 ("the economic loss rule does not apply when there is 'damage to other property.'").
[41] No. 2:12-cv-393-DAK, 2013 WL 3716530 (D. Utah July 12, 2013).
[42] *Id.* at *5.
[43] ECF No. 4.

Signed June 3, 2025.

BY THE COURT

David Barlow
United States District Judge